OPINION
Appellant James Gallion appeals the decision of the Tuscarawas County Court of Common Pleas concerning the trial court's ruling on a partition action he filed against Appellee Thelma Carte. The following facts give rise to this appeal. The parties to this action began living together in 1976. The parties were never married. Until September 1993, the parties resided together in a residence owned by Appellee Carte. Thereafter, the parties jointly purchased another residence, in Strasburg, which is one of the properties at issue in the case sub judice. During the period of their cohabitation, Appellant Carte purchased a garage, at an auction, for $40,000. Appellant Gallion paid Appellee Carte rent, for use of the garage for his trucking business. Appellee Carte used the money she received for rent to pay the mortgage on the garage. Appellant Gallion maintained the garage by making improvements to the property and paying the taxes and insurance. In 1993, Appellant Gallion filed suit against Appellee Carte for the purpose of establishing the ownership of the garage. In return, Appellee Carte sued Appellant Gallion for eviction from the garage. Both suits were finally resolved when Appellant Gallion and Appellee Carte entered into a settlement agreement on November 1, 1993. The agreement was the result of the parties' reconciliation. Pursuant to the agreement, on November 2, 1993, Appellee Carte executed a deed in which she transferred a one-half interest in the garage to Appellant Gallion. Also pursuant to this agreement, on November 4, 1993, Appellee Carte supplied the entire down payment, in the amount of $20,000, for the purchase of the Harvey property. Paragraph seven of this agreement also provided that: 7. This agreement is contingent on the Harvey property transaction concluding, the garage property transaction concluding, and the marriage of Thelma and James; otherwise, this agreement is null and void.
The subsequent marriage never occurred. In fact, Appellant Gallion testified, at the evidentiary hearing in this matter, as follows, concerning the issue of marriage: A. * * * on the way back on Monday we stopped inside the State of Tennessee and I said let's go do it. She said, `I do not have time. I have to get home to go to work.' And I never mentioned marriage after that, and for 14 years all I heard from that woman, `You won't make it right; you won't make it right', and when I decided to make it right she said, `Why should I marry you?' Tr. Evidentiary Hrng., May 20, 1998, at 79.
In July 1994, Appellee Carte and Appellant Gallion entered into a land contract with Norman Stewart for Stewart's purchase of the garage. Mr. Stewart made monthly payments pursuant to the terms of the land contract. However, Mr. Stewart died leaving a balance due on the contract of approximately $50,000. In his complaint for partition filed in 1997, Appellant Gallion did not request partition of the garage premises. However, on March 26, 1998, Appellant Gallion moved to amend the complaint to allow him to seek partition of said premises. Appellee Carte did not oppose the motion to amend. Thereafter, the garage was sold by a private auctioneer. The net total proceeds from the sale were $54,893.36. In a judgment entry dated January 24, 2000, the trial court awarded the entire amount of the net proceeds, from the sale of the garage, to Appellee Carte. Appellant Gallion timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO MAKE A (SIC) FINDINGS OF FACT AND CONCLUSIONS OF LAW AS TO THE BASIS FOR DECLARING THE NOVEMBER, 1993, AGREEMENT VOID.
 II. THE AGREEMENT OF NOVEMBER 1, 1993, MERGED IN THE DEED WHEN THE APPELLEE CONVEYED A HALF INTEREST TO THE APPELLANT NOVEMBER 2, 1993.
 III. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO HOLD THE APPELLEE ESTOPPED BY CANCELING AND HOLDING VOID THE CONVEYANCE OF A HALF INTEREST IN THE REAL ESTATE SIX (6) YEARS LATER.
 IV. THE TRIAL COURT, IN MAKING AN ACCOUNTING BETWEEN THE PARTIES, DOES NOT HAVE JURISDICTION TO ELIMINATE TITLE TO APPELLANT AFTER RECOGNIZING THE SAME WHEN ORDERING PARTITION.
 V. THE JUDGMENT OF THE TRIAL COURT UNJUSTLY ENRICHES THE APPELLEE BY DENYING THE APPELLANT ANY INTEREST IN THE REAL ESTATE.
 I
In his First Assignment of Error, appellant contends the trial court committed reversible error in failing to make findings of fact as to the basis for declaring the settlement agreement entered into by the parties in November 1993 void. We agree. Civ.R. 52 addresses findings by the court and provides, in pertinent part: When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing requests otherwise before the entry of judgment pursuant to Civ.R. 58, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.
* * *
An opinion or memorandum of decision filed in the action prior to judgment entry and containing findings of fact and conclusions of law stated separately shall be sufficient to satisfy the requirements of this rule and Rule 41(B)(2).
The record indicates the trial court filed its judgment entry on January 24, 2000, and, in accordance with Civ.R. 52, appellant timely requested findings of fact and conclusions of law on January 31, 2000. On February 23, 2000, the trial court denied appellant's request for findings of fact and conclusions of law on the basis that the trial court set forth separate findings of fact and conclusions of law in its judgment entry of January 24, 2000. In the judgment entry of January 24, 2000, the trial court found in paragraph eight of its findings of fact that "[t]his Court has, by a prior Order, declared the 11/1/93 agreement Void by virtue of the `Marriage Clause'." (Emphasis sic.) In the conclusions of law, the trial court found that because the November 1993 agreement was void, Appellee Carte, at all times, remained the equitable owner of the property at issue. Judgment Entry, Jan. 24, 2000, at 4. Appellant contends the trial court did not set forth findings of fact addressing the basis for its conclusion that the settlement agreement is void by virtue of the marriage clause. In fact, appellant contends that the trial court never declared the settlement agreement void prior to its judgment entry of January 24, 2000. We have thoroughly reviewed the record in this matter, and we find nothing in the record to indicate that the trial court, prior to its judgment entry of January 24, 2000, found the agreement between the parties void due to the marriage clause in the November 1993 agreement. Accordingly, we remand this matter to the trial court for the court to indicate where in the record it made this finding or, in the alternative, to make the requested findings of fact pursuant to Civ.R. 52 in support of its conclusion that the November 1993 agreement is void. Appellant's First Assignment of Error is sustained. We will not address appellant's Second, Third, Fourth or Fifth Assignments of Error as we find them moot based on our disposition of appellant's First Assignment of Error.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
Wise, J. Gwin, P.J., and Edwards, J., concur.